UNITED STATES DISTRICT COURT
for the DISTRICT OF MASSACHUSETTS

No. 2021-

DANILO DE PAULA VIEIRA,
    Petitioner,

v.

DJAIANE AQUINO DE SOUZA,
    Respondent.

## VERIFIED REDACTED COMPLAINT FOR RETURN OF MINOR CHILD TO BRAZIL PURSUANT TO THE APPLICABLE HAGUE CONVENTION and FEDERAL LAW, and other associated relief

## 1.0    JURISDICTION AND VENUE.

1.1    <u>Jurisdiction</u> is based on the **Convention on the Civil Aspects of International Child Abduction** (hereafter **Convention**) (**Exhibit 1**), done at the Hague on 25 October 1980, effective in these United States on July 1, 1988 as published in the Federal Register, Vol. 53, No. 122, Friday, June 24, 1988, p. 23843.

FN1    The Petitioner also asks this Honorable Court to take Judicial Notice of the

---

[1]The objects of the Convention are:
    Article 1(a) to secure the prompt return of child wrongfully removed to or retained in any Contracting State; and
    Article 1(b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.
    Article 3 provides that the removal or the retention of a child is to be considered wrongful where -- "(a) it is in <u>breach of rights of custody</u> attributed to a person ... under the law of the State in which the child was habitually resident immediately before the removal or retention;" and "(b) at the time of the removal or retention <u>those rights were actually exercised</u> either jointly or alone, or would have been so exercised but for the removal or retention." (Emphasis supplied).

"**Analysis of Hague Convention**," prepared by the U.S. State Department (**Exhibit 2**).

1.2   Both the USA and Brazil have been signatories (Contracting States) to the Convention at all relevant times.

1.3   <u>Jurisdiction</u> is also based on the **International Child Abduction Remedies Act** (hereafter **ICARA**), 42 U.S.C. 11601, 11603(a) (**Exhibit 3**), [FN 2] which establishes procedures for implementation of the Convention in the United States. ICARA states at §11601:

>   (b)(1)   It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.
>
>   (b)(2)   The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.
>   ***
>   (b)(4)   The Convention and this chapter empower the court in the United States to determine <u>only rights under the Convention and not the merits of any underlying child custody claims.</u> (Emphasis added).

---

[2] The **International Parental Kidnapping Crime Act** (IPKCA), 18 U.S.C. 1204 (1993) makes it a federal felony to remove a child from the USA or to retain a child (who has been in this country) outside the USA with intent to obstruct the lawful exercise of parental rights, it does not pertain to a parent bringing a child into the USA and retaining the child here against the language of a clear order from another country which gives a parent in that other country parental rights. However, the core values enunciated by IPKCA are clearly applicable to the case at bar.

1.4     The Petitioner asks this Honorable Court to take Judicial Notice of the **ICARA Regulations**, 22 CFR Part 94 - International Child Abduction (**Exhibit 4**).

1.5     As described in detail below, the parties' child was removed from Brazil on November 22nd, 2020 without the Petitioner's knowledge or consent. Respondent's sister, Kamilla Aquino De Souza ("Kamilla"), picked up the child on November 19th, 2020, from Petitioner's mother's home without Petitioner's consent. Kamilla later explained to Petitioner that she would take the child to a medical consultation and then to her aunt's nearby farm for a visit. It was not unusual for Kamilla to take the child to visit her family in Brazil and she had recently had a medical procedure which could have required a follow up. Kamilla informed the Petitioner that she would return the child on November 22nd, 2020 at 3:00 p.m. and he had no reason to suspect that she would not return the child at that time. On November 21st, 2020, and throughout the day of November 22nd, 2020, Petitioner attempted to contact the child and Kamilla, but his calls were not answered or returned. On November 22nd, 2020, at 11:05 p.m., and just before Kamilla boarded an international flight to Massachusetts with the child, she responded to Petitioner and let him know her phone had died and that the child was asleep, so she would return the child to the Petitioner the following day. On November 23rd, 2020, when the child was not returned and Petitioner was unable to get in contact with Kamilla or

the child, he went to Kamilla's home where he was informed that she had left with the child for the United States. At 8:00 p.m. on November 23rd, 2020, Respondent contacted Petitioner to inform him that the child was with her in the United States and that she would not be returning her to Brazil. On November 24th, 2020, Petitioner went to multiple police stations, filed a police report, term of occurrence with the Court of Childhood and Youth, and a declaration at the MPMG Contagem.

1.6    Petitioner subsequently began the process of seeking the return of the child, pursuant to the Convention, by reaching out to the Central Authority in Brazil, through which he submitted a request for return under article 8 of the **Convention (Exhibit 5)**. The Central Authority in Brazil eventually put him in touch with the United States Central Authority. Petitioner has engaged your undersigned counsel to assist with his return efforts.

1.7    Because the Respondent continues to wrongfully retain the parties' child in Massachusetts, today, April 21, 2021, the Petitioner is herewith filing this civil action, seeking a return of the child to Brazil and other associated relief.

1.8    The Petitioner's actions, as described in ¶¶ 1.6 and 1.7, respectively, are each sufficient to comply with the Convention's one-year jurisdictional requirement.

1.9    Before the parties' child was secretly removed from Brazil and retained in the United States, Petitioner was exercising his rights to custody. Between

December of 2018, when Respondent moved to the United States, and November of 2020, when the child was wrongfully removed, the child lived full time with Petitioner in Brazil.

1.10   <u>Venue</u> is based on the presence of the child in this District at 11 Stuart Street, Apartment 3, Everett, MA, as of the commencement of this action.

## 2.0   SUMMARY OF RELIEF REQUESTED.

2.1   This complaint seeks the immediate return to Brazil of the parties' minor child, **SV**, who was born in Brazil and is now age 7 (hereafter referred to as **CHILD** or **SV**) and who was wrongfully removed from Brazil by the Respondent's sister, at the behest of the Respondent, and taken by Respondent's sister, at the behest of the Respondent, to this District and thereafter wrongfully retained in this District by the Respondent.

2.2   This complaint asks this court to not take plenary or subject matter jurisdiction over issues of child custody, visitation or support, but jurisdiction only for the purpose of entering of: (a) an order the child be returned to Brazil, which is the child's habitual residence; and (b) all necessary collateral orders.

### 3.0   PARTIES.

3.1   The Petitioner, **DANILO DE PAULA VIEIRA** (hereafter **FATHER**), now age 33 [FN3] was born in Brazil and has lived his entire life in Brazil. **FATHER'S** address is Rua João Paulo de Amorim, 109, Bairro Industrial, Contagem/MG, CEP: 32.235-280.

3.2   The Respondent, **DJAIANE AQUINO DE SOUZA** (hereafter **MOTHER**), now age 31, was born in Massachusetts but raised in Brazil. Mother lived in Brazil until December 2018, when she moved to the United States. She has lived continuously in the United States ever since. Upon information and belief, **MOTHER** has been living in Massachusetts with the parties' **CHILD**. Upon information and belief, **MOTHER'S** address is 11 Stuart Street, Apartment 3, Everett, Massachusetts, 02149.

### 4.0   FACTUAL BACKGROUND.

4.1   The parties were never married, but were romantically involved from January, 2009 to November, 2020. The parties both lived in Brazil for most of their relationship. They continued their relationship long distance once **MOTHER** moved to Massachusetts. **FATHER** has lived in Brazil his entire life.

---

[3] The dates of birth of the parties and their child are not set forth in this complaint in

4.2    The parties have one child, **SV**, born in January, 2014 in Contagem, Brazil.

4.3    **CHILD** is, by virtue of her birth, a citizen of Brazil. By virtue of her parentage, she is also a citizen of the United States of America.

4.4    **CHILD** has been issued a passport from the United States of America.

4.5    **MOTHER** left Brazil and moved to the United States in December of 2018. **MOTHER** left **CHILD** in Brazil with **FATHER**.

4.7    Between December of 2018 and November 22nd, 2020, **FATHER** had sole physical custody of **CHILD**.

4.10   When **MOTHER'S** sister, Kamilla Aquino de Souza, and child departed from Brazil on November 22nd, 2020, **FATHER** had no idea that Kamilla was taking the child out of the country and that Kamilla planned to bring the **CHILD** to the United States on behalf of **MOTHER**. Neither Kamilla nor **MOTHER** consulted with **FATHER** regarding this removal and **FATHER** did not consent to Kamilla taking the child out of the country. While **FATHER** had previously signed a general travel authorization in **CHILD's** Brazilian passport at **MOTHER'S** request, he did not authorize her permanent removal from Brazil nor her retention in the United States. Further, at the time of **CHILD's** removal from Brazil, **FATHER** believed

---

order to comply with applicable Privacy Rules.

**CHILD'S** Brazilian passport wasn't valid.  **MOTHER** never consulted **FATHER** on her plan to remove **CHILD** from Brazil.

4.11  **FATHER** has frequently attempted contacting **MOTHER** and **CHILD** since removal in November of 2020.  **MOTHER** only occasionally responds and allows sporadic contact with **CHILD**.  As this is being filed, **FATHER** has had no contact with the **CHILD** in more than fifteen (15) days.

4.12  **MOTHER** has violated the Convention and ICARA.

## 5.0   CURRENT CONTROVERSY.

5.1   On November 19, 2020, without **FATHER'S** knowledge or consent, **MOTHER'S** sister, Kamilla, took **CHILD** from **CHILD'S** paternal grandmother's home in Brazil.  Kamilla told **FATHER** that she was taking **CHILD** for a medical consultation as a follow up to medical procedure **CHILD** had on October 8th, 2020 and that after the medical consultation she would take **CHILD** to visit her maternal grandparents for a few days and return **CHILD** to **FATHER** at 3:00 p.m. on Sunday November 22nd, 2020.  **CHILD** frequently visited **MOTHER'S** family in Brazil, and **FATHER** had no reason to suspect she was planning to remove **CHILD** from the country on behalf of **MOTHER** and that **MOTHER** was planning to retain **CHILD** in the United States.

5.2	Prior to the removal of the **CHILD** to the United States, **FATHER** had full and sole physical custody of the child for almost two consecutive years, as **MOTHER** had moved to the United States by herself.

5.3	**MOTHER** moved to the United States in December of 2018 with very few financial resources, and, at least until the beginning of 2020, lived in a rented room in an apartment, because she was unable to afford an apartment of her own. While **FATHER** is able to financially provide for **CHILD** in Brazil, he is concerned about the high cost of living in the United States and **MOTHER'S** unstable financial status.

5.4	**CHILD** is being wrongfully retained by **MOTHER** in this District. **FATHER** believes **CHILD** is being wrongfully withheld at an apartment occupied by **MOTHER**.

5.5	**MOTHER** has refused to provide **FATHER** with consistent access to **CHILD** and has repeatedly blocked him on WhatsApp, **FATHER's** primary mode of communication with **MOTHER** and **CHILD**. As of this date, **FATHER** has had no access to **CHILD** for the last fifteen (15) days.

5.6	**MOTHER**'s conduct constitutes both a wrongful removal and wrongful retention of **CHILD** in the United States within the meaning of Article 3 of the Convention.

## 6.0   IRREPARABLE HARM.

6.1   **MOTHER**'s wrongful retention of **CHILD** from **FATHER** and from Brazil has caused immediate and irreparable harm to both **CHILD** and **FATHER**.

6.2   **MOTHER**'s violation of the Convention has attempted to divest the courts of Brazil of their exclusive jurisdiction over issues of **CHILD's** legal and physical custody, to the irreparable harm of **CHILD** and **FATHER**.

6.3   The above described conduct of **MOTHER** continues to cause irreparable harm to both **CHILD** and **FATHER**.

6.4   **MOTHER**'s wrongful removal and retention of **CHILD** in this District has improperly interrupted and, in fact cut **FATHER** out of **CHILD'S** life attempting to sever the close and loving relationship between **FATHER** and **CHILD**.  In doing so, **MOTHER** also interrupted **CHILD's** schooling in Brazil, causing irreparable harm to **CHILD**.  Now, **CHILD** is being retained in Massachusetts where the primary language spoken is English.  **CHILD** does not speak or understand English.

6.5   An Order of Notice and a speedy hearing are required to ameliorate the irreparable harm to **CHILD** and **FATHER** and, as well, to comply with the Convention and ICARA.

## 7.0   THE LAW OF BRAZIL RELEVANT TO THIS MATTER.

7.1   In Brazil both **FATHER** and **MOTHER** have legal rights and responsibilities for minor children born out of wedlock. **FATHER** acknowledged parentage and appears on **CHILD's** birth certificate. **MOTHER** did not have a right to unilaterally remove **CHILD** from the country without the consent of **FATHER**.

## 8.0   BASIS FOR *EX PARTE* RELIEF.

8.1   **MOTHER** has no permanent ties to Massachusetts. **MOTHER** can up and leave this District and Massachusetts with **CHILD** far more easily than she permanently left Brazil.

8.2   a.   **FATHER** has a fact-based genuine concern and fear that if **MOTHER** is given advance knowledge of this action, she will act to further remove **CHILD** and take steps to further hide their whereabouts. In addition to Massachusetts, Mother has family in Florida and Texas, so she could easily further illegally remove **CHILD** out of Massachusetts.

   b.   Therefore, **FATHER** seeks *ex parte* orders prohibiting the **CHILD** from being removed from this Commonwealth.

## 9.0   RELIEF REQUESTED.

**WHEREFORE, FATHER** respectfully requests this Honorable Court:

9.1   Issue an Order prohibiting the **CHILD** from being removed temporarily or permanently from this Commonwealth pending resolution of or further orders in this case.

9.2   Issue an Order of Notice.

9.3   Upon the Return of the Order of Notice to find:

a.   that **MOTHER's** conduct constitutes a wrongful removal and retention of **CHILD** in the United States; and

b.   that, at the time of the wrongful removal and retention, **FATHER** was exercising his custodial, parenting and visitation rights (as defined under Brazilian law) within the meaning of Article 3 of the Convention.

9.4   Upon the Return of the Order of Notice to enter orders:

a.   for the immediate return of **CHILD** back to her habitual residence in Brazil at **MOTHER'S** expense;

b.   requiring **MOTHER** to immediately deliver the **CHILD** back to Brazil or, in the alternative, to pay the costs for **FATHER** or a family member who may be designated by **FATHER** to immediately travel to Massachusetts for the sole purpose of receiving custody of the **CHILD** to escort her back to Brazil;

    c.    requiring **MOTHER** to immediately deliver **CHILD's** United States and Brazilian passports to the Clerk of this Court and to order that the said Clerk, in turn, deliver said documents to **FATHER** or to whomever will transport the **CHILD** back to Brazil;

    d.    that the Everett police, Massachusetts Police and Deputy Sheriffs, and any other law enforcement agencies of the Commonwealth of Massachusetts be permitted to serve the summons on **MOTHER** and said documents, pursuant to the orders requested in herein.

    e.    that **MOTHER** may not apply for any United States passports, or Brazilian passports for **CHILD**; and

    f.    to provide certified copies of the Order(s) to the US Department of State, Office of Passport Policy and Advisory Services, 1111 19th Street N.W., Suite 260, Washington, D.C. 20522-1705 and to the appropriate Brazilian authorities;

9.5    to hold a prompt hearing on the prayers of this Complaint;

9.6    to order that all matters relating to **CHILD**, including custody, care, control, access, abuse prevention, and visitation be heard in Brazil, pursuant to the applicable provisions of Federal law, including the Hague Convention;

9.7    to restrain **MOTHER** from commencing any court action concerning **CHILD** in any United States court, including restraining her from filing any action in

any Massachusetts state court for any reason relating to **CHILD** or **FATHER**;

      9.8    to order **MOTHER** to pay **FATHER's** expenses, costs and legal fees as required by ICARA, 42 U.S.C. 11607 (b) (3); and

      9.9    to make such further orders as this Honorable Court deems mete and just.

April 22, 2021                                         Respectfully submitted,

                                                    **Danilo De Paula Vieira,**
                                                    By his attorneys,

                                                    By: *Wendy O. Hickey*
                                                    Wendy O. Hickey, BBO #657457
                                                    Brick, Jones, McBrien & Hickey LLP
                                                    233 Needham Street, Suite 203
                                                    Newton, MA  02464
                                                    P: (617) 494-1227; fax at 8612
                                                    wendy@brickjones.com

## VERIFICATION

I, Danilo De Paula Vieira, state that the facts contained within this complaint are true to the best of my knowledge and belief, and as to those upon belief, I believe them to be true.

Signed under the pains and penalties of perjury this 22ND day of April, 2021.

*Danilo de Paula Vieira*
_____